IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL CASE NO. 3:07cv495

| | |
|---|---|
| GARY E. SULLIVAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MARTIN H. MALIN, Chairman ) <br> SBA 928, and NATIONAL ) <br> RAILROAD PASSENGER ) <br> CORPORATION, ) <br> ) <br> Defendants. ) <br> _____) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant National Railroad Passenger Corporation's Motion to Dismiss Amended Complaint [Doc. 8], filed March 31, 2008. The Plaintiff has failed to respond.

**PROCEDURAL HISTORY**

On November 20, 2007, the Plaintiff Gary E. Sullivan (Sullivan) initiated an action against Martin H. Malin (Malin) in his official capacity as the Chairman of the Special Board of Adjustment No. 928, National

Mediation Board. [Doc.1]. Sullivan sought judicial review of an arbitration conducted pursuant to the Railway Labor Act and the final decision thereon dated November 21, 2005. [Id., at 3]. On March 3, 2008, Sullivan filed an Amended Complaint [Doc. 3] adding the National Railroad Passenger Corporation (Amtrak) as a Defendant. [Doc. 3]. At the time that he filed the Amended Complaint, Sullivan had not yet served Malin and thus, on March 20, 2008, the undersigned issued an Order to Show Cause why the action against Malin should not be dismissed. [Doc. 5].

Sullivan did not respond to the Order to Show Cause; however, on March 21, 2008, he filed a document that appears to be a summons issued by this Court, but filled in by hand to act as a summons in this case, but the Return of Service, along with all of its necessary language, has been covered by what appears to be a copy of a certified mail receipt, implying (but not stating) the Complaint had been sent by certified mail to Malin and received by someone named "S. Jadin" on an unspecified date. [Doc. 7]. There is nothing in the record to show that Sullivan perfected service of process or served the Amended Complaint on Malin within the time allowed. Malin has not appeared in the action.

Amtrak was served with the Amended Complaint [Doc. 6] and moved

2

to dismiss the action pursuant to Federal Rules of Civil Procedure 12(b)(5) and (6). [Doc. 8]. Sullivan has failed to respond to the motion.

## STANDARD OF REVIEW

The Supreme Court has recently clarified the standard of review used to evaluate complaints in connection with Rule 12(b)(6) motions.[1]

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]
>
> ...
> [This standard does] not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.

Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 164-65 and 174, 167 L.Ed.2d 929 (2007),(citations omitted). As has always been the case, "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v.

---

[1]Because Rule 12(b)(6) is dispositive of the matter, the Court does not address the motion pursuant to Rule 12(b)(5).

Pardus, __ U.S. __, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). However, the court "'need not accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" Giarratano v. Johnson, __ F.3d __, 2008 WL 771503 **2 (4th Cir. 2008).

## DISCUSSION

Sullivan seeks judicial review of the decision of the Special Board of Adjustment No. 928 (Board) denying his request that the Board rescind Amtrak's decision to terminate his employment as an Amtrak passenger engineer. He has attached a copy of that decision to his Complaint and Amended Complaint.[2] [Doc. 1-3; Doc. 3]. Sullivan was terminated for failing to comply with safety operational rules and for insubordination. [Id.]. It is undisputed that Sullivan was a member of the Brotherhood of Locomotive Engineers & Trainmen which had a collective bargaining agreement with Amtrak. [Id.]. Other documents filed with the Complaint show that Amtrak conducted an investigation and held a hearing and that

---

[2]It is appropriate for this Court to consider that document in connection with the motion to dismiss for failure to state a claim. Darcangelo v. Verizon Communications, Inc., 292 F.3d 181, 195 n. 5 (4th Cir. 2002), citing New Beckley Mining Corp. v. Int'l Union, UMWA, 18 F.3d 1161, 1164 (4th Cir. 1994).

administrative remedies both existed and were exhausted. [Docs. 1-3 and 1-4]. Thereafter, Sullivan sought a Special Board of Adjustment review pursuant to 45 U.S.C. §153 of the Railway Labor Act. [Docs. 1-3 and 3].

In his form complaint, Sullivan alleges the action is brought pursuant to 42 U.S.C. §§1983 & 1985 and that his due process rights have been violated in an unspecified manner. [Doc. 1]. Attached to the Amended Complaint is a "Petition" in which Sullivan refers to his admission to the arbitration panel that he failed to abide by operational rules. [Doc. 3]. Sullivan also attached another document in which he states "Mr. Sullivan admitted he forgot to call CO 142 and 141 due to hurried departure." [Id.]. Although Sullivan alleges due process violations, the Complaint and attachments actually seek a *de novo* review of the Board's decision.

The Defendant moves to dismiss, claiming this Court does not have subject matter jurisdiction to review the Board's decision for a due process violation. "'Since federal courts are courts of limited jurisdiction, [this Court] presume[s] no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction.'" Kinross v. Utah Railway Co., 362 F.3d 658, 661 (10th Cir. 2004). The goal of the Railway Labor Act (RLA) "is to channel the parties' efforts toward resolution of their labor disputes within

the Act's carefully devised framework." Norfolk Southern Ry. Co. v. Brotherhood of Locomotive, 217 F.3d 181, 189 (4th Cir. 2000).

> The orders of a railway labor arbitration panel constituted under the RLA [Railway Labor Act], including those interpreting the panel's own authority, are subject to a unique standard of review which is "among the narrowest known to the law." A court may set aside such an award only (1) for failure of the [Board] to comply with the [RLA]; (2) for failure of the order to conform, or confine itself, to matters within the scope of the [Board's] jurisdiction; or (3) for fraud or corruption. Under this standard, a court "may not overrule an arbitrator's decision simply because it believes its own interpretation of the [dispute] would be the better one."

CSX Transp., Inc. v. United Transp. Union, 29 F.3d 931, 935 (4th Cir. 1994). In Union Pacific Railroad Co. v. Sheehan, 439 U.S. 89, 99 S.Ct. 399, 58 L.Ed.2d 354 (1978), the Supreme Court concluded that federal courts may not consider "other claims of error arising from Adjustment Board proceedings." Kinross, 362 F.3d at 661. "The Court made it clear an Arbitration Board decision 'may be set aside *only* for the three reasons specified [in the Railway Labor Act].'" Id. (emphasis in original).

> The Sheehan Court repeatedly stated the three grounds set out in the statute are the *only* grounds for judicial review. As the Court observed, "Congress considered it essential to keep ... so-called 'minor' disputes within the Adjustment Board and out of the courts." Consistent with this purpose, Congress specifically limited due process review of Adjustment Board proceedings to the three specific claims articulated in the statute. Not only would review of Adjustment Board decisions for other due process violations require an evasive reading of Sheehan, it also would frustrate Congress' intent to keep

6

such disputes out of the courts.

Kinross, 362 F.3d at 662 (noting split among circuits); *accord*, CSX, 29 F.3d 931.  As noted by the Sheehan Court, the "Adjustment Board was created as a tribunal consisting of workers and management to secure the prompt, orderly and final settlement of grievances that arise daily between employees and carriers regarding rates of pay, rules and working conditions."  Sheehan, 439 U.S. at 94.

This Court does not have subject matter jurisdiction to review the decision of the Board on any grounds other than the three enumerated by statute.  Since the due process allegations raised by Sullivan do not fall within the enumerated grounds, subject matter jurisdiction does not exist.  Moreover, the Plaintiff's due process allegations are so vague as to fail to set forth "enough facts to state a claim to relief that is plausible on its face[.]" Twombly, ___ U.S. ___, 127 S.Ct. at 164.  The same reasoning applies to Defendant Malin and thus, the action is also dismissed as to him.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Defendant National Railroad Passenger Corporation's Motion to Dismiss Amended Complaint

7

[Doc. 8] is hereby **GRANTED** and this action is hereby **DISMISSED WITH PREJUDICE**.

IT IS FURTHER ORDERED that for the same reasons the Court hereby *sua sponte* **DISMISSES WITH PREJUDICE** this action as to Defendant Malin.

Martin Reidinger
United States District Judge

Signed: April 24, 2008